70 F.3d 110
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Lawrence CURTIN, Plaintiff, Appellant,
v.
Judge Vincent F. LEAHY, Defendant, Appellee.
 No. 94-1632.
 United States Court of Appeals, First Circuit.
 Oct. 5, 1994.
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. Richard G. Stearns, U.S. District Judge].
 Lawrence Curtin on brief pro se.
 Scott Harshbarger, Attorney General, and Rebecca P. McIntyre, Assistant Attorney General, on Motion for Summary Affirmance.
 D.Mass.
 AFFIRMED.
 Before CYR, BOUDIN and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant contends he was denied due process in a state court proceeding because a judgment entered against him without service ever having been made. Appellant claims he did not learn of the judgment until long after the time to appeal had expired, and the state court judge subsequently refused during a telephone inquiry to reopen the case. Apparently believing no avenue of relief was available within the state court system, appellant filed the present civil rights action against the state court judge and asked the federal court to enjoin enforcement of the state court judgment. The district court dismissed appellant's action.
 
 
 2
 We affirm the dismissal because appellant has failed to state a claim for deprivation of due process cognizable under Sec. 1983. Appellant has not attacked the constitutionality or sufficiency of Massachusetts procedures for service or setting aside judgments. Rather, his complaint is that these procedures were, or will be, misused. Massachusetts, however, affords a procedure for correcting errors of the sort alleged through a motion for relief from judgment, Mass. R. Dom. Rel. P. 60(b), and an appeal, were such a motion denied. Massachusetts therefore provides its litigants due process. See McCulloch v. County of Washoe, 720 F.2d 1020, 1021 (9th Cir.1983) (even if plaintiff was never served with process and state court default judgment entered improperly, state procedure for vacating judgment affords adequate due process; consequently, plaintiff failed to state a claim for relief under Sec. 1983).
 
 
 3
 Affirmed.